THE SOUTH ROYALTON BANK v. SOLOMON DOWNER AND JOHN BLANCHARD.

*Action on mortgage taken under the general banking law.*

An action upon a bond and mortgage taken by a banking institution, organized under the general banking law of 1851, and assigned by them to the treasurer of the state, in pursuance of the seventh section of that law, cannot be maintained in the name of the banking institution, until it is re-assigned by the treasurer as provided in the ninth section of the same law.

EJECTMENT for certain lands in the possession of the defendant Blanchard, as tenant of the defendant Downer. Daniel Tarbell, jr., who was the owner of the premises, on the 23d of February, 1852, mortgaged them to the plaintiffs, to secure the performance of a bond that day executed by him to the plaintiffs, for the payment, on the first of January, 1860, of sixteen hundred dollars, and interest thereon semi-annually, or, in case the same and said mortgage should be assigned to the treasurer of the state of Vermont, under, and in pursuance, and for the purposes of the act to authorise the business of banking, approved November 17, 1851, and the plaintiffs should at any time neglect or refuse to redeem its circulating notes on demand, then, and in that case, for the payment forthwith of the whole of said principal to the said treasurer. The plaintiffs, in pursuance of the provisions of said act, afterwards, on the 12th day of June, 1852, assigned said bond and mortgage to the treasurer of the state, by whom they had ever since been held, and were still held. Subsequent to the giving of said mortgage to the plaintiffs, the said Tarbell gave to the defendant Downer a mortgage of the same premises, to secure the payment of certain notes which had become due and were unpaid; and after the breach of the condition of his mortgage, by the non-payment of said notes, and before the commencement of this suit, the defendant had, by virtue of his mortgage, taken possession of the premises, and thereafter occupied them by his tenant.

Upon these facts, the county court decided that the present action could not be maintained in the name of the plaintiffs, to which decision the plaintiffs excepted.

*J. S. Marcy* and *J. P. Kidder* for the plaintiffs.

The state treasurer does not stand in the relation of an ordinary

assignee of the mortgagee.   He is merely the assignee for a spe-
cific purpose; his duties are limited by the statute under which he
operates.   Laws of 1851, No. 22, "an act to authorize the business
of banking."

The plaintiffs have the entire interest in the lands mortgaged; it
received the interest on the bond, the treasurer having no control
in the premises while the bank is current.   The treasurer, in the
case at bar, has no right incident to an ordinary assignee.   He can-
not recover rents, nor account to the mortgagor on his redeeming
the premises; neither *could* a right of action accrue against him
in any event.

The plaintiffs have sufficient title to sustain ejectment.   A plain-
tiff in an action of ejectment will not be prejudiced by having ex-
ecuted a mortgage deed of the premises since the commencement
of this suit; *Gibson* v. *Seymour et al.*, 3 Vt. 565, and cases there
cited.   The plaintiffs have a good title as against these defendants;
*Burton* v. *Austin et al.*, 4 Vt. 105.

A parol assignment of a debt will not carry with it any right in
the land mortgaged to secure the same, nor entitle the assignee to
enforce the mortgage, *at law*, whatever may be the effect in equity;
*Parsons* v. *Wells*, 17 Mass. 418; *Warden* v. *Adams*, 15 do. 233.

The assignment of a mortgage is invalid, unless it is accompa-
nied by an actual or constructive assignment of the debt; *Bell* v.
*Morse*, 6 N. H. 205; *Wilson* v. *Troup*, 2 Cowen 195.

In this case there is no pretended assignment of any *debt*, nor is
there even a right to control in the assignee, except such as is given
in case the bills are not redeemed.   The mortgage was primarily
and beneficially to secure the payment of interest to the plaintiffs,
and the interest assigned to the treasurer is that of indemnity only,
upon a contingency which has not occurred.   The condition having
been broken by the non-payment of interest, the plaintiffs have the
right to the premises until that is paid.

*P. T. Washburn* and *W. C. French* for the defendants.

The case shows that the plaintiffs had no title to the demanded
premises, at the commencement of the suit, or at the time of
judgment.

Their title rests upon the bond and mortgage   The *bond* is con-

ditioned: 1. For the payment of the principle sum at a day named. 2. For the immediate payment of the principal, if the bank refuse to redeem their bills. The *mortgage* is conditioned to secure the performance of the conditions of the bond, and also contains covenants to perform the same conditions. And "the mortgage," with "the debt therein mentioned," and "all the covenants, agreements and conditions therein contained," was *assigned* to the state treasurer, and the assignment was duly recorded.

This assignment-conveyed the legal title to the land; *Stewart* v. *Thompson,* 3 Vt. 255; *Pierce* v. *Brown,* 24 Vt. 165.

The general banking law of 1851 contemplates that the treasurer should hold the *legal title* to the land, and should have the absolute control, in the first instance, of the securities.

If any interest is secured to the plaintiffs, it is certainly *equitable;* but that will not enable them to maintain *ejectment; Dewey* v. *Long,* 25 Vt. 564; *Cheney* v. *Cheney,* 26 Vt. 608.

The opinion of the court was delivered by

BENNETT, J. Both parties in this case claim title to the premises sued for, under Daniel Tarbell, jr. The plaintiffs have the elder mortgage, and Downer the junior mortgage. The plaintiffs are a banking institution, organized under the general banking law of 1851, and before this suit was commenced they had assigned to the state treasurer the bond and mortgage of Tarbell, under the 7th section of the banking law, which provides that for a certain amount, instead of stocks, the bank may secure the payment of one-half of their issues, by transferring to the treasurer of the state bonds and mortgages. The 9th section provides for the re-assignment of any bonds and mortgages, by the treasurer, to the bank, upon other bonds and mortgages, or public stocks, being substituted, and, if the principal of the bonds are paid to the treasurer, he may pay the same to the bank, on receiving other bonds and mortgages. The 11th section vests the power of sale of the bonds and mortgages, if need be, in the treasurer. We think it is clear that the assignment vests in the treasurer the legal title to the bond and mortgage, though in trust, and the object of the statute requires it should be so. It must follow that, until a re-assignment,

the plaintiffs cannot maintain this action, for want of title. No question has been raised as to the want of sufficiency in the form of the assignment.

Judgment of the court below affirmed,